IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-43026-TJM |
| | ) | |
| TINA M. CHILDERS, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on April 27, 2009, regarding Filing #14, Motion to Dismiss Case, filed by U.S. Trustee Patricia Fahey, and Filing #17, Resistance, filed by the debtor. Sam Turco appeared for the debtor and Jerry Jensen appeared for the U.S. Trustee.

The United States Trustee has filed a motion to dismiss this case pursuant to 11 U.S.C. § 707(b)(3), urging that the granting of relief under this chapter would be an abuse under the totality of the circumstances.

The debtor is married and her spouse has not filed a bankruptcy petition. The debtor is employed at two different jobs and the schedules show that the total monthly net income of the family, after deduction of expenses is -$17.44. The debtor's Schedule I lists payroll deductions of $55.48 per month for a 401(k) contribution and $102.26 per month for 401(k) loan payments. The U.S. Trustee suggests that the total amount of those payments, $157.74, should be added back to the available income of the debtor "as it would not be equitable to allow Debtor and her spouse to contribute to or replenish 401(k) plans when unsecured creditors do not receive a distribution." (Fil. #14 at ¶ 11.)

Debtor's Schedule J lists the following secured loan payments for items in which the debtor has no ownership interest but is a co-debtor: Jayco 5th Wheel pull-behind camper, value $8,000, loan balance $12,075; 900 Vulcan Kawasaki Motorcycle, value $4,000, loan balance $4,596; Kawasaki ATV, value $2,000, loan balance $2,420; and Crestliner Boat, value $7,000, loan balance $7,800. Debtor and her spouse also have three vehicles with outstanding loan balances totaling $80,712, which the United States Trustee suggests is excessive and unnecessary. "It is not equitable to allow Debtor and her spouse to retain unnecessary recreational items and vehicles with substantial loan balances when unsecured creditors do not receive a distribution." Id. at ¶ 12.

The debtor, individually, has approximately $43,000 in unsecured debts, mostly credit cards.

The mandatory withholding nature of a 401(k) loan repayment is a special circumstance that may be considered when attempting to determine whether Chapter 7 relief is an abuse. In re Herbert, 2007 WL 6363172, Case No. BK07-40224-TLS (Bankr. D. Neb. May 21, 2007). Congress has even acknowledged the mandatory nature of the payroll withholding by excluding such withholding from the applicability of the automatic stay of 11 U.S.C. § 362. See § 362(b)(19). In addition, under Chapter 13, at §1322(f), the Code prohibits the modification of the terms of a 401(k) loan and excludes "amounts required to repay" such loans from the disposable income calculation. In this case there is no information concerning whether debtor's loan will be paid off before a Chapter 13 plan could be completed. Therefore, considering the case law in this district and the favored treatment Congress has given repayments during bankruptcy, the fact that certain 401(k) loans are being repaid from the debtor's payroll does not amount to an abuse and should not be included in the consideration of the totality of the circumstances.

On the other hand, when making a determination as to whether granting Chapter 7 relief would be an abuse, it is appropriate to consider the fact that the debtor proposes to continue to contribute to a 401(k) plan even though her unsecured creditors will receive no distribution. In this case, the 401(k) contribution is approximately $55 per month.

The debtor does not have an ownership interest in most of the personal property referred to by the United States Trustee, which includes a boat, motorcycle, ATV, and camper, although she does have personal liability on the debts with regard to each of the pieces of personal property. Since she is an individual debtor in bankruptcy and her spouse is not in bankruptcy, it is clear that granting her a discharge in Chapter 7 does not affect her spouse's continuing obligation to make payments on the secured loans, nor those secured creditors' rights to collect from the spouse. Considering it in that manner, it does not seem that those particular assets of the spouse and obligations of the spouse should be involved in the determination of whether, under the totality of the circumstances, granting relief to the debtor would be an abuse of the intent of the chapter.

The debtor and her spouse owe more than $80,000 on three vehicles. A 2006 Ford F-150 pickup was purchased on January 1, 2007. On the petition date it had a value of $15,125 and a debt of $29,021, leaving an unsecured portion of $13,896. On May 1, 2008, the debtor and her spouse purchased a 2008 Toyota Tundra pickup, with a value on the petition date of $26,700 and a debt of $35,755, leaving an unsecured portion of $9,055. On March 1, 2008, the debtor and her spouse purchased a 2007 Toyota Yaris with a value of $12,825 on the petition date and a debt of $15,936, leaving an under-secured portion of $3,111.

The Debtor and her spouse provide no explanation for their need for three vehicles such as described above with the debt burden listed. If both debtor and her spouse were in bankruptcy, the non-vehicle personal property described earlier and the vehicles described above would all be considered in the totality of circumstances determination, and, most likely, there would be a finding of abuse. However, since only the wife is in bankruptcy, the couple cannot downsize by surrendering one or more of the vehicles. The spouse will still carry the debt. So, consideration of the vehicles as part of the totality of the circumstances calculation is not appropriate. Even if the debtor were to convert to Chapter 13, the vehicle debt would not go away.

Finally, the conclusion is that allowing this individual debtor to obtain Chapter 7 relief and a discharge of her personal liabilities through Chapter 7 is not an abuse. The totality of the circumstances do not provide a basis for a finding of abuse. Payment to creditors at $55 per month in lieu of contributing to the 401(k) account, even if paid over a period of 60 months in a Chapter 13 plan – without considering trustee's fees or attorney fees – would generate only $3,300 on an outstanding unsecured debt load of $43,000. The amount to be generated is less than 10%. That is not a significant return to the unsecured creditors and, therefore, permitting the debtor to obtain Chapter 7 relief is not an abuse under § 707(b)(3).

IT IS ORDERED that the Motion to Dismiss, Filing #14, is denied.

DATED:     May 20, 2009

                                                    BY THE COURT:

                                                    /s/ Timothy J. Mahoney
                                                    United States Bankruptcy Judge

Notice given by the Court to:
    Sam Turco        Kathleen Laughlin
    *Jerry Jensen      U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.